MORGAN, LEWIS & BOCKIUS LLP
Mark L. Krotoski, Bar No. 138549
mark.krotoski@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
MIKLOS DANIEL BRODY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MIKLOS DANIEL BRODY, <br><br> Defendant. | Case No. 21-MJ-70442 <br><br> **STIPULATED MOTION TO CONTINUE HEARING, FINDINGS OF EXCLUDABLE TIME PERIOD, AND ORDER** |

Defendant Miklos Daniel Brody ("Defendant"), by and through his counsel of record, Mark L. Krotoski, and Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Leif Dautch, hereby stipulate as follows:

1. On March 11, 2021, the United States filed a Criminal Complaint charging Defendant with intentional damage to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A).

2. On March 17, 2021, Defendant made his initial appearance before Magistrate Judge Kim, and was arraigned on the Criminal Complaint. The parties agreed to Defendant's release.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

3. On March 24, 2021, the parties appeared before Judge Kim, and Mr. Krotoski substituted in as defense counsel. A status conference/preliminary hearing was scheduled for April 21, 2021 at 10:30 a.m. before this Court. That hearing has been continued by stipulation, most recently to February 9, 2022.

4. The United States has made eight productions in this case as follows:

    A. First Production on March 22, 2021 (61 pages);

    B. Second Production on April 7, 2021 (201 pages);

    C. Third Production on May 4, 2021 (23 pages);

    D. Fourth Production on May 4, 2021 (hard drive containing some initial log records and records from a PC Tower);

    E. Fifth Production on May 11, 2021 (25 pages);

    F. Sixth Production on June 25, 2021 (2,787 pages);

    G. Seventh Production on October 12, 2021 (391 pages of three attachments to an email dated March 12, 2020 by a First Republic Bank employee who accessed the network during the alleged intrusion).

    H. Eighth Production on December 31, 2021 (450 pages with many records no longer available based on statements by First Republic Bank: "After a thorough review and search, there is no information responsive to this request at this time."

5. It is the defense's position that this case involves highly circumstantial evidence concerning an alleged network intrusion on First Republic Bank on March 11-12, 2020.

6. The defense contends that computer, electronic and other records concerning the alleged network intrusion contain exculpatory evidence concerning the allegations of the network intrusion of First Republic Bank on March 11-12, 2020, and these records must be received by Mr. Brody to defend himself against the charges in the Complaint.

7. The defense contends that many of these computer and electronic records are fragile and often remain available for a limited period of time, and can be deleted or altered.

1  These records may be lost if not preserved in a timely manner.  Electronic records typically are
2  required to be collected in a forensically sound manner to preserve the integrity of the evidence.

3        8.    Since the beginning of this case, the defense has made numerous requests from the
4  United States for the rolling production of records that are referenced in the Complaint (filed
5  March 11, 2021), in the discovery or constitute exculpatory evidence including on the following
6  dates:  (1) March 24, 2021; (2) April 4, 2021; (3) July 12, 2021; (4) August 29, 2021; (5)
7  November 8, 2021; (6) November 11, 2021; (7) November 30, 2021; and (8) January 21, 2022.

8        9.    Most of the defense requests for evidence remain pending or now involve records
9  that previously existed and are no longer available.  For example, for the Grand Jury Subpoena
10 dated Oct. 22, 2021, [MDB-3200-07] on Request Nos. 2,3,4,8,9,11,15,16, First Republic Bank
11 states under penalty of perjury:  "After a thorough review and search, there is no information
12 responsive to this request at this time.  [*See* MDB-3569, MDB-3570, MDB-3571, MDB-3573,
13 MDB-3580, MDB-3581, MDB-3592, MDB-3635, MDB-3636.]  Some examples of the requests
14 for exculpatory evidence include:

15     A.  The Complaint ¶ 18 refers to a **"dar.sh" script** used during the alleged
16         network intrusion.  The defense requested this evidence on April 4, 2021 and
17         again on July 12, 2021; First Republic Bank has not produced evidence on
18         whether the script was used or run during the alleged network intrusion.

19     B.  The Complaint ¶ 18 refers to a **"grand.sh" script** used during the alleged
20         network intrusion, which was allegedly "hidden in a network information
21         folder, to terminate almost all instances in Amazon Web Services (AWS)."
22         The defense requested this evidence on April 4, 2021 and again on July 12,
23         2021; First Republic Bank has not produced evidence on whether the script
24         was used or run during the alleged network intrusion and if any AWS instances
25         were terminated during 3/11 and 3/12; this evidence has yet to be provided.

26     C.  The Complaint refers to certain files and steps as **"malicious"**; one identified
27         in the discovery is referenced as **Repo.destroy**.  The defense has requested this

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

evidence described as "malicious" on July 12, 2021, October 31, 2021, and other occasions, to assess whether these files and steps were in fact "malicious"; this evidence has yet to be provided.

D. Complaint ¶¶ 16,18 mentions **FRB Github code repository damages.** The defense has requested direct Github server access records from March 11-12, 2020; this evidence has yet to be provided.

E. Complaint ¶ 18 mentions **running scripts damaging code repositories** and software infrastructure. The defense requested evidence on August 29, 2021, and November 8, 2021, and November 11, 2021, pertaining to Ansible test playbooks and Ansible Tower jobs (LINUX org repositories) running on Devbox and Jumbox on March 11-12, 2020; this evidence has yet to be provided.

F. Complaint ¶ 13 mentions Catherine Beltrami didn't give specific instructions about **computer system access**; the defense requested records and communications pertaining to the termination and network access revocation on March 24, 2021 and November 11, 2021; this evidence has yet to be provided.

G. The Complaint ¶ 18 refers to **"hand coded 'taunts' in the system"**. The defense requested this evidence on July 12, 2021; this evidence has yet to be provided.

H. **Private key and usage of z_lnxadm (LNXADM as in Linux Admin) account activity in the Aapke SecureCRT devbox history.txt user's terminal** (MDB-3378), along with specific log records for aapke user and other FRB users on the network, are referenced in the discovery. The defense requested this evidence on April 4, 2021, November 8, 2021, and November 30, 2021; this evidence has yet to be provided.

I.  The Complaint ¶ 19-20 alleges that **certain damage** resulted from the alleged network intrusion. The defense has requested evidence to support the alleged damages in the Complaint on March 24, 2021, August 29, 2021, October 31, 2021, and other occasions; this evidence has yet to be provided. Three out of four categories of damages lack evidence of any harm or impairment and direct evidence shows that Aapke user tampered with both Github repositories and Terraform.

J.  Other users had access to the First Republic Bank network during the alleged intrusion on March 11-12, 2020. On several occasions, the defense has requested records of this **network activity of the other users**; this evidence has yet to be provided.

K.  The defense requested evidence pertaining to **privileged users** during the Match 11-12, 2020 network intrusion on July 12, 2021 and November 8, 2021; this evidence has yet to be provided.

L.  The defense requested evidence pertaining to which First Republic Bank users had access to machine account **password vault** on July 12, 2021, November 8, 2021 and November 11, 2021; this evidence has yet to be provided.

M.  The defense requested evidence for user Aapke and the March 11-12, 2020 FRB AWS Users during the period of March 10-13, 2020 to provide all tmux sessions on devboxes, jumpboxes as referenced in the discovery (See, e.g., SecureCRT devbox history.txt – line nos. 7983, 8548, 9453, 9589) on November 30, 2021; this evidence has yet to be provided.

N.  On July 12, 2021, the defense made numerous requests for exculpatory evidence including **three attachments** to an email by a First Republic Bank employee who accessed and modified records during the alleged network intrusion. The United States provided the three attachments on October 12, 2021. The defense alleges that these three attachments show that key bank

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

records were overwritten, truncated, jumbled, altered, and missing concerning the network access. Other than the three email attachments, many of the other requests for exculpatory evidence in the July 12th letter have yet to be provided.

O. The foregoing examples are illustrative as there are numerous other pending requests for exculpatory materials that remain outstanding over the past months since the Complaint was filed on March 11, 2021.

10. Since the beginning of this case, the defense has made numerous requests for **rolling production** of the evidence. The requests for rolling production have been necessary to allow Mr. Brody reasonable time to review the evidence, including exculpatory evidence, and time to defend against the charges.

11. The last two productions by the United States were made on October 12, 2021 and December 31, 2021 (see paragraphs 4(g), 4(h) and 9(G), above).

12. First Republic Bank has possession, custody and control over many of the requested materials. On a number of occasions over the past several months, the United States has asked First Republic Bank for exculpatory evidence in this case including materials requested by the defense. The United States also asked First Republic Bank to provide the requested records on a rolling production basis.

13. On October 22, 2021, the United States issued a federal grand jury subpoena to First Republic Bank to obtain evidence requested by Mr. Brody. First Republic Bank stated its intent to provide the subpoenaed materials, to the extent they may be available, on December 14, 2021. The government processed these materials and produced them to the defense on December 31, 2021. The defense believes that many of these materials are incomplete. First Republic Bank now reports that evidence that previously existed is no longer available.

14. Mr. Brody made additional requests for evidence based on the allegations in the Complaint and prior discovery in this case. The United States has issued grand jury subpoenas for these records. These requests remain outstanding.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

15. The defense contends that it is essential to Mr. Brody's defense to confirm that any materials provided by First Republic Bank in response to any grand jury subpoenas (1) are complete; (2) were preserved and remain available since the alleged network intrusion on March 11-12, 2020; (3) were collected in a forensically sound manner; (4) were maintained to ensure the integrity of the evidence particularly in light of prior First Republic Bank records that were collected in a forensically sound manner; and (5) may require further follow-up requests for Mr. Brody to meaningfully prepare his defense.

16. Mr. Brody contends that he has been unfairly prejudiced by First Republic Bank's withholding of evidence for a substantial period. Without these materials, Mr. Brody has been unable to prepare a defense against the allegations in the Complaint filed eleven months ago including by being deprived of an opportunity to review evidence referenced in the Complaint and in the limited discovery that has been provided. Without these materials, Mr. Brody has been unable to pursue further defense investigation and identify new leads particularly given the fragile nature of many of the computer and electronic exculpatory records. Mr. Brody is forced to wait yet again for complete production of the many exculpatory records that he has requested since the inception of this case. The delays by First Republic Bank have interfered with, and adversely impacted, Mr. Brody.

17. The government denies this prior allegation and asserts that it has been diligent in the processing of the defense's numerous supplemental requests for production, including multiple additional requests that were received while First Republic Bank was still responding to a pending Grand Jury subpoena. The government also notes that—in addition to its eight productions of discovery in this case—the parties have met at least five times (including once in person) to discuss the case and for the defense to present its theory of the case.

18. The defense responds that Mr. Brody has been unfairly disadvantaged by not being able to review for many months files and evidence referred to in the government's Complaint and discovery. Mr. Brody cannot prepare his defense without the ability to review this evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

19. Under the circumstances of this case, counsel for the United States and counsel for Defendant now jointly stipulate and request to continue the February 9, 2022 status conference and preliminary hearing in the instant matter until March 15, 2022, at 10:30 am, before the duty magistrate judge. The requested continuance is necessary to afford the government time to process and produce the discovery it has requested and will receive from First Republic Bank in response to defense's requests and the government's subpoena, and for the parties time to investigate the case and to continue their discussions.

20. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint within 30 days of his arrest. His client knowingly and voluntarily excludes time under 18 U.S.C. § 3161(b) for the period between February 9, 2021, and March 15, 2022, inclusive. Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 through March 15, 2022.

21. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for the preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of February 9, 2021, and March 15, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), because the delay results from a continuance granted by the Court at the parties' joint request, on the basis of the Court's finding that the continuance is necessary for the effective preparation of counsel.

// // //

// // //

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

The undersigned defense counsel certifies that he has obtained approval from the Assistant United States Attorney to file this stipulation and proposed order.

**IT IS SO STIPULATED**.

|  | STEPHANIE M. HINDS |
|---|---|
|  | Acting United States Attorney |
| Dated: 2/7/2022 | /s/ Leif Dautch |
|  | _____ |
|  | LEIF DAUTCH |
|  | Assistant United States Attorney |
|  | /s/ Mark L. Krotoski |
|  | _____ |
|  | MARK L. KROTOSKI |
|  | Counsel for Defendant Miklos Daniel Brody |

**ORDER**

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from February 9, 2022 until March 15, 2022 would unreasonably deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from February 9, 2021, and March 15, 2022 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

Therefore, with the consent of the defendant, and taking into account the public interest in the prompt disposition of criminal cases, based on the parties' showing of good cause, the Court finds good cause exists for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

With the consent of the parties, IT IS HEREBY ORDERED that the time from February 9, 2021, and March 15, 2022 shall be excluded from computation under the Speedy Trial Act (18

9

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

U.S.C. § 3161(h)(7)(A), (B)(iv); 18 U.S.C. § 3161(b)) and the time limits for conducting a preliminary hearing are extended under Rule 5.1(d) of the Federal Rules of Criminal Procedure. The date for status and preliminary hearing in the case is reset from February 9, 2021 to March 15, 2022, at 12:00 pm.

**IT IS SO ORDERED**.

DATED:  February 8, 2022

HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

10

STIPULATED MOTION TO CONTINUE
HEARING, FINDINGS OF EXCLUDABLE TIME
PERIOD, AND [PROPOSED] ORDER
CASE NO. 21-MJ-70442